**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JOHN A. FARLEY and<br>LISA M. FARLEY,<br><br>*Plaintiffs*,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>*Defendant*. | Case No. 26-2523-EFM-BGS |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Select Portfolio Servicing, Inc.'s Partial Motion to Dismiss (Doc. 9). Defendant seeks to dismiss Count II and III of Plaintiffs John A. Farley and Lisa M. Farley's Complaint. Plaintiffs oppose the Motion.

For the reasons stated below, the Court denies the Motion.

## I. Factual and Procedural Background[1]

Plaintiffs bring this action to recover insurance proceeds and to obtain relief for various alleged violations of Kansas law committed by Defendant. Plaintiffs live at a residence in Osawatomie, Kansas ("the Property"). Plaintiffs secured title to the Property through a mortgage. Defendant is the loan servicer and holder of Plaintiff's mortgage.

In April 2026, a severe hailstorm damaged the roof and siding of the Property. Plaintiffs' insurance provider accepted their claim and issued a loss-draft check payable to both Plaintiffs and

[1] The facts in this section are taken from Plaintiff's Complaint unless otherwise cited.

Defendant. Excerpts of Plaintiffs' mortgage—Sections 5 and 7—provide various interests in the receipt of insurance proceeds to both the Plaintiffs as the "Borrower" and Defendant as the "Lendor." Plaintiff thus sent the check to Defendant for Defendant's endorsement. Defendant and Defendant's representatives requested that Plaintiffs execute various additional documents including a repair affidavit and indemnification obligations. Plaintiffs contend that they had no obligation to execute these additional documents in order to receive the insurance proceeds. Plaintiffs further contend Defendant and Defendant's representatives made false statements, inconsistent instructions, and misrepresentations throughout the course of seeking Defendant's endorsement of the check. Defendant ultimately returned the unendorsed check to Plaintiffs. The hail damage afflicting the Property has yet to be repaired.

Plaintiffs filed their lawsuit on July 30, 2026, in the District Court of Miami County, Kansas. Defendant removed the case to this Court on September 2, 2026, invoking diversity jurisdiction under 28 U.S.C. § 1332.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

of claims as well as the grounds on which each claim rests.[5] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[7] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[8]

## II. Analysis

Defendant seeks to dismiss Count II and Count III of Plaintiffs' Complaint under Rule 12(b)(6). Under the Rule 12(b)(6) standard, federal courts "assume 'the truth of all well-pleaded facts' and draw 'all reasonable inferences there from in the light most favorable to the plaintiffs.'"[9] "Typically, when deciding motions to dismiss, the district court cannot look beyond the four corners of the complaint. If the court considers evidence outside the pleadings, 'it must convert the motion to dismiss into a motion for summary judgment.'"[10]

In Count II of the Complaint, Plaintiffs allege that Defendant deprived Plaintiffs the use and benefits of the insurance proceeds by conversion. Specifically, by refusing the endorse the check, Defendant improperly exercised its right of ownership in the insurance proceeds over Plaintiffs' right of ownership. In Count III, Plaintiffs allege that Defendant violated the Kansas

---

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678–79.

[7] *See id.* at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[9] *Estate of Alire by Alire v. Wihera*, 2024 WL 5183300, at *2 (10th Cir. Dec. 20, 2024) (quoting *Dahn v. Amedei*, 867 F.3d 1178, 1185 (10th Cir. 2017)).

[10] *Fuqua v. Santa Fe Cnty. Sheriff's Off.*, 157 F.4th 1288, 1297 (10th Cir. 2025) (quoting *Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024)) (further citation omitted).

Consumer Protection Act ("KCPA") through various actions, including but not limited to, making false representations in its dealings with Plaintiff, requesting Plaintiffs perform acts Plaintiffs were not obligated to perform, willfully omitting material facts, and withholding funds for Plaintiffs' repairs.

For Count II, the Court finds that Defendant's reliance on materials outside of the Complaint and framing of the Complaint's allegations warrant denial of Defendant's Motion. Defendant's argument rests on procedurally improper grounds by repeatedly referencing to the "insurance policy terms" and an "insurance agreement" throughout its argument.[11] The Complaint contains no excerpts from the insurance policy, and the insurance policy has not been attached to the Complaint. Thus, Defendant improperly relies on facts beyond the Complaint in support of its Motion. The Court will not do so, nor will it convert this Motion into a motion for summary judgment.

Additionally, Defendant argues the Court should dismiss Count II because it was entitled to refuse endorsement of the check after Plaintiffs refused to execute the repair affidavit. The Court agrees with Plaintiffs that Defendant's contention regarding the repair affidavit misreads the Complaint. The Complaint never alleges that Defendant's refusal to endorse the check was a result of Plaintiff's decision to not execute the repair affidavit. Whether Defendant's refusal to endorse was caused by Plaintiff's refusal to execute is a factual defense on the part of Defendant, requiring the development of further evidence. It is not proper to dismiss, at the pleading stage, something absent from the face of the Complaint.[12] Furthermore, the excerpts from Sections 5 and 7 of the

[11] Doc. 9 at 6–7.

[12] *See Smith v. ADE-WIFCO Steel Prods., Inc.*, 2026 WL 2321411, at *2 (D. Kan. Aug. 11, 2026) ("When considering a motion to dismiss under Rule 12(b)(6), the Court only looks to the complaint to determine if the plaintiff sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the proposed legal theory.").

mortgage provided in the Complaint do not, at this time, support Defendant's contentions that Plaintiffs and Defendant had equivalent rights to the insurance proceeds. Defendant and Plaintiffs may both possess an interest in, and various rights related to, the insurance proceeds. However, Sections 5 and 7 on their face make clear that, as "Lendor," Defendant has different and thus nonequivalent rights than Plaintiffs as the "Borrower." Thus, reading the allegations in the Complaint in a light most favorable to the Plaintiff, the Court finds that the facts need to be developed before Defendant's legal arguments can be properly considered.

As for Count III, Defendant's argument is largely unresponsive to the allegations set forth within that Count. Defendant cites K.S.A. § 50-626(b)(14) on the basis that it should preclude any finding that Defendant violated the KCPA. Section 50-626(b)(14) regards the failure to release funds pursuant to an insurance settlement payment, but almost none of the allegations in Count III involve this particular legal theory. Instead, they involve various misrepresentations, unfair practices, and improper positions that Defendant made with respect to the conditions, or lack thereof, required for Plaintiffs' receipt of insurance proceeds. These allegations relate to other sections of the KCPA, not § 50-626(b)(14) as proposed by Defendant.

The Court recognizes that Count III does charge Defendant, in part, for "demanding proof of completed repairs while withholding the funds to perform them." For this single allegation, § 50-626(b)(14) may indeed be responsive. Perhaps it is the case, as Defendant contends, that this specific theory of relief under the KCPA will ultimately fail, as the Court may consider this argument in a different context at a later time.[13] But as already discussed, the Complaint alleges

[13] *See Estate of B.I.C. v. Gillen*, 2013 WL 5150198, at *5 n.8 (D. Kan. Sep. 12, 2013) ("In any event, the court is not bound by its earlier decision and may reconsider its findings at any time.").

numerous other grounds for relief under the KCPA. Thus, it is improper for the Court to dismiss the entirety of Count III as Defendant requests in its Motion.

Overall, the need for the development of further facts and the Defendant's circumvention of Rule 12(b)6)'s requirements convinces the Court that, at this time, the Partial Motion to Dismiss should be denied.

**IT IS THEREFORE ORDERED** that Defendant's Partial Motion to Dismiss (Doc. 9) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 25th day of September, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE